# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

MICHAEL PRYOR                                                                            Plaintiff

**CIVIL ACTION NO.:** 3:13cv313

ASHLEY FURNITURE INDUSTRIES, INC.
AND JOHN AND JANE DOES 1-10                               Defendants

## STIPULATED PROTECTIVE ORDER

Defendant Ashley Furniture Industries, Inc. ("Defendant") and Plaintiff Michael Pryor, by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**1.**      **CONFIDENTIAL INFORMATION**

This Order applies to all documents, materials, things or information produced during the course of this action that are in good faith designated by the party producing it as "CONFIDENTIAL" in the following manner: (1) for documents, in a conspicuous manner on each page or section of text that warrants protection, before production to the opposing party or the Court; (2) for testimony, as set forth herein; and (3) for any other alleged trade secret or similarly confidential and proprietary matter, in a manner appropriate to notify properly the opposing party or the Court that the matter is subject to the provisions of this Order.

"CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document or information contained in a document, or revealed during a deposition, in a hearing, in an interrogatory answer,, or otherwise during discovery (1) that is designated in good faith as such by the producing party, and (2) that, as claimed by the producing party, (a) contains non-public personal information of

non-party individuals or (b) constitutes or contains a trade secret or other confidential research, development or commercial information, including, but not limited to: proprietary technical data regarding current or future commercial products; present or future marketing plans; pricing policies; customer lists; product profit data and projections; confidential financial data of the parties; personal, confidential personnel data and policies; and improved products currently in design, that have been maintained by the producing party as protected trade secret information.

**2.     INADVERTENT FAILURE TO DESIGNATE**

Except as otherwise provided in this Order, inadvertent failure to designate information as "CONFIDENTIAL" will not be deemed a waiver of any claim of confidentiality as to that matter and thereafter may be corrected by supplemental written notice.  Treating the material in a non-confidential manner before supplemental written notice will not be deemed a breach of this Order by the receiving party.  However, when it receives the supplemental written notice, the receiving party must abide by the terms of this Order and must retrieve, to the extent reasonably possible, the information and any documents containing it.

**3.     PERMITTED DISCLOSURE**

a.     Information designated as "CONFIDENTIAL" by the party or person producing it, may not be disclosed to any person other than:

> i.     the parties;
>
> ii.    the Court and appropriate administrative personnel;
>
> iii.   outside counsel of record for the parties;
>
> iv.    members of the legal, paralegal, secretarial, or clerical staff of counsel who are assisting in or responsible for working on this litigation;
>
> v.     outside experts or consultants for the parties as permitted in this Order;

vi. court reporters during depositions in which confidential material is marked; and

vii. deponents during depositions in which material is marked as "CONFIDENTIAL."

b. A party may not disclose to persons listed in paragraph 3(a)(v) until the person to whom disclosure is to be made is given a copy of this Order and agrees in writing to comply with the terms of this Order in the form attached as Exhibit A.

The provisions of this paragraph 3 will survive final termination of this action.

**4. FILING WITH COURT**

In the event any party wishes to file with the Court documents that contain or reflect "CONFIDENTIAL" information designated as such by the opposing party, the party must inform the opposing party of its intent to file the documents at least 14 days before filing them to give the opposing party an opportunity to either waive the confidential designation or ask the court for permission to file the documents under seal. In any event, a party who wishes to file confidential information must do so by following the provisions of L.U.Civ.R. 79.

**5. DEPOSITIONS**

A party may designate any portion of a deposition containing Confidential Information (as defined above) as "CONFIDENTIAL" by so stating on the record at the time testimony is given. In the absence of a contemporaneous statement, the testimony of the witness will be considered as information designated "CONFIDENTIAL" until the expiration of five (5) days after the deposition transcript is received. If counsel for plaintiff or defendant believes that any deposition transcript, or portions of them, not previously designated should be designated as "CONFIDENTIAL," counsel must so state in writing to opposing counsel within that 5-day period, identifying the specific pages and lines constituting confidential material.

**6.** **TESTIMONY AT HEARINGS OR TRIAL**

If a party wishes to place under seal all or part of a transcript of testimony containing "CONFIDENTIAL" information provided before the court at a hearing or at trial, that party must move to seal the testimony for good cause shown to provide the court an opportunity to determine whether good cause exists to seal the record in accordance with Fed. R. Civ. P. 26(c) or L.U.Civ.R. 79. Any party and any interested member of the public may challenge the filing of particular documents under seal.

**7.** **USE FOR THIS ACTION**

No person who receives information designated "CONFIDENTIAL" by discovery in this matter may make use of that information, directly or indirectly, except for the purposes of presenting claims or defenses in this action nor may they use this information in any other case or dispute nor for any private business or commercial purpose whatsoever.

**8.** **PRESERVING CONFIDENTIALITY**

The persons who receive confidential information must take all necessary and proper steps to preserve the confidentiality of information designated "CONFIDENTIAL." Nothing in this Order prevents a receiving party from using any information designated "CONFIDENTIAL" during depositions, at a hearing of this matter, or in connection with papers filed with the Court, as long as that party maintains the confidentiality of that information under the provisions of this Order. "CONFIDENTIAL" information may be used or disclosed by the receiving party to a witness only as explicitly and expressly permitted by this Order. The provisions of this paragraph 8 will survive final termination of this action.

**9.** **NO WAIVER OF OBJECTIONS**

Nothing contained in this Order: (a) shall be construed as a waiver by a party or person of its right to object to the subject matter of any discovery request, or as an agreement by any

party or person to produce documents, supply information or permit entry upon land under Fed. R. Civ. P. 34; (b) constitutes an admission that any evidence exists or that evidence that may exist is relevant in any way to the issues; or (c) may be construed as a waiver of any privilege. No party is obligated to challenge immediately the propriety of "CONFIDENTIAL" designation, and the failure to do so does not preclude a later challenge to the propriety of the designation.

Except as provided for in this Order, nothing in this Order, or any actions taken under it, may be deemed to have the effect of an admission or waiver by any party.

**10.     AFTER TERMINATION OF ACTION**

Within thirty days after final termination of this action, including appeals or expiration of the time in which to appeal, counsel who has designated documents as confidential must notify opposing counsel if he or she wants the documents returned; otherwise, they will be destroyed.

**11.     PUBLIC KNOWLEDGE**

The restrictions set forth in this Order do not apply to information or material that:

a.     Was, is or becomes public knowledge, not in violation of this Order;

b.     Is acquired lawfully by the non-designating party from a third party;

c.     Was lawfully possessed by the non-designating party before entry by the Court of this Order;

d.     Was independently developed by the non-designating party without resort to information or material produced by the producing party; or

e.     Is determined by this Court to fall outside of the protections afforded by Fed. R. Civ. P. 26(c).

The provisions of this Order apply to each item of information designated "CONFIDENTIAL" until otherwise agreed by counsel of record or the parties or by court order.

**SO ORDERED** this, the 22nd day of September, 2014.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

AGREED TO:

/s/ *Randall E. Day III*  
Randall E. Day III, MS Bar No. 9722  
MITCHELL DAY LAW FIRM, PLLC.  
618 Crescent Blvd., Suite 203  
Ridgeland, MS 39157  
Telephone: (601) 707-4036  
Facsimile: (601) 213-4116  
Email: rday@mitchellday.com  

Attorneys for Plaintiff

/s/ Krissy C. Nobile  
Krissy C. Nobile (103577)  
PHELPS DUNBAR LLP  
201 South Spring Street, 7th Floor  
Tupelo, MS 38804  
Phone: 662-690-8115  
Fax: 662-842-3873  
krissy.nobile@phelps.com  

W. Thomas Siler, Jr.  
PHELPS DUNBAR LLP  
P. O. Box 16114  
Jackson, MS 39236-6114  
silert@phelps.com  

Attorneys for Defendant

# **EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

MICHAEL PRYOR                                                            Plaintiff

                                                       **CIVIL ACTION NO.:** 3:13cv313

ASHLEY FURNITURE INDUSTRIES, INC.
AND JOHN AND JANE DOES 1-10                                Defendants

      I have read the Stipulated Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Stipulated Protective Order is an order designed to preserve the confidentiality of certain confidential information. I also understand that the Stipulated Protective Order restricts the use, disclosure and retention of such confidential information and also requires the safeguarding and return of documents and other materials containing confidential information.

      I agree to comply with all provisions of the Stipulated Protective Order with respect to any information designated confidential that is furnished to me, including the provisions of paragraph 8 regarding preserving confidentiality. I further hereby submit myself to the jurisdiction of the Court for purposes of enforcement of the provisions of the Protective Order.

_____          _____
Date                                                        Signature

5507421.1